*Hall* and *Hollyday*, for the Plaintiff.

*Rumsey* and *Jenings* (Attorney-General) for the Defendant.

## APRIL TERM, 1773.

### MARSHALL vs. ADDISON.

THIS was an action of *Slander*. The declaration contained three counts. The *first* and *second counts*, for saying the plaintiff was "a rogue and villain, and that he had ruined many families, and the curses of the widows and children were on him," &c. "that he had wronged the defendant's father's estate, and cheated the defendant's brother *Thomas*." The *third count* was as follows: "And afterwards, to wit, on," &c. "at," &c. "the said *John* having discourse with him the said *James*, of and

concerning him the said *James*, and of and concerning his the said *James's* dealings and transactions as a merchant, (he the said *James* then, and for a long time before, being a merchant, and gaining his livelihood by buying and selling,) in the presence and hearing of very many other," &c. similar words. *Demurrers* to the 1st and 2d counts, and general issue as to the 3d count.

The jury were sworn, the following *oath* being administered to them, viz. "You shall well and truly try the issue joined between *James Marshall*, plaintiff, and *John Addison*, defendant, and a true verdict give according to your evidence. You shall also well and truly try and assess the damages on the demurrer in the said action depending between the said *James Marshall*, plaintiff, and *John Addison*, defendant, and a true verdict give according to your evidence. So help you God."

### BILLS OF EXCEPTIONS.

In the trial of the issue in this cause it appeared in evidence to the jury, that the plaintiff was not a merchant, as laid in the third count of his declaration, at the time when the words, as laid in the said third count, were spoken of and concerning the plaintiff by the defendant. Whereupon the defendant prayed the court to direct the jury, that the words in the said third count, alleged to have been spoken of and concerning the plaintiff by the defendant, were not sufficient to entitle the plaintiff to a recovery of damages against the defendant, unless the plaintiff was a merchant at the time when the said words were spoken as laid in the said third count.

*Johnson, Jenings*, (Attorney-General,) and *Chase*, for plaintiff, cited 2 *Wils.* 114. *Law N. P.* 8.

*Tilghman* and *Cooke*, for defendant, cited 4 *Bac. Ab.* 493. *Cro. Car.* 282. *Yelv.* 21. 2 *Saund.* 157.

THE COURT, [*Hepburn* and *Leeds*, J.] were of opinion, and so directed the jury, that the words in the third count were sufficient to support the action of the plaintiff against the defendant, without proving that he the plaintiff was a merchant at the time when the said words were spoken, and notwithstanding it was proved to the jury that the plaintiff was not a merchant when the said words were spoken. The defendant excepted.

*Verdict* for plaintiff on the first count, and damages assessed to 4*l*. Maryland currency; on the second count, and 4*l*. Maryland currency contingent damages assessed;

and on the third count, and 4*l.* Maryland currency contingent damages assessed. *Quere*—If the *contingent* damages should not have been on the *first* and *second* counts?

*Cooke*, (upon the demurrers,) for the defendant. An action does not lie for the word rogue—4 *Bac. Ab.* 488. *T. Ray.* 169. 1 *Stra.* 304. 2 *Wils.* 87. Nor for calling a man villain—4 *Bac. Ab.* 488. 4 *Co.* 15. *b.* Or cheat, unless spoken generally of a tradesman in a *colloquium* concerning his trade—4 *Bac. Ab.* 494. *T. Ray.* 62, 169. 2 *Salk.* 694. 5 *Mod.* 398. 1 *Stra.* 696. 2 *Ray.* 14?7. 12 *Mod.* 420. 1 *Leon.* 250. *Hard.* 8. 2 *Stra.* 1169. Sir *Tho. Jones*, 156.

If a tradesman brings an action for words spoken of him in his trade, it must appear from the pleadings he was in trade *at the time* of speaking them—4 *Bac. Ab.* 493. *Cro. Car.* 282. *Yelv.* 21. 2 *Saund.* 157.

If the *colloquium* alleged be necessary to maintain the action it must be proved at the trial—*Law of N. P.* 5.

As to an action of slander where there is a variance between the words laid and those proved, cited *Hard. & Lee*, 306. Upon *non cul* pleaded, general questions as to the plaintiff's credit may be asked—8 *Vin. Ab.* 159, 160.

There are three heads under which the law may be divided with respect to actions of this nature.

1st. Words are actionable which charge a person with any offence which would subject him to corporal punishment.

2d. Words are actionable spoken of a person in his trade or profession, which would not be so if spoken of other persons, from a jealousy the law entertains, founded on public utility, in their favour.

3d. Words are actionable, which otherwise would not be so, if they have occasioned any special or particular damage to the party.

*Rogue* or *villain* are so indefinite, ambiguous and incertain, that they are always deemed words of heat, and not subjecting the person to any particular penalty; no action will lie. *Cheat* is equally so; for like rogue, a man may cheat in a thousand different ways without being subject to any action—as by charging goods at a greater price than agreed on—turning tobacco into money, and so again in tobacco—not allowing one man the general current prices for his tobacco, which are allowed to others. All these are cheats, and yet not punishable by corporal penalty.

**Judgment** entered *nisi* for the plaintiff, upon the verdict.